# MEMORANDUM DECISION ON REHEARING

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 05 2015, 10:38 am

CLERK
of the supreme court,
court of appeals and
tax court

---

APPELLANT PRO SE

William Temple
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Kathy Bradley
Deputy Attorney General
Indianapolis, Indiana

---

## IN THE
# COURT OF APPEALS OF INDIANA

---

William Temple,

*Appellant-Defendant,*

v.

New Castle Correctional Facility,

*Appellee-Plaintiff*

February 5, 2015

Court of Appeals Cause No.
33A01-1408-MI-336

Appeal from the Henry Circuit Court.
The Honorable Kit C. Dean Crane, Judge.
Cause No. 33C02-1209-MI-110

**Baker, Judge.**

[1]     In our prior memorandum decision in this case, we reversed and remanded because the case had not been transferred to the Marion Superior Court as an earlier panel of this Court had ordered. *Temple v. State*, No. 33A01-1211-MI-533 (Ind. Ct. App. July 3, 2013) ["*Temple I*"]. However, we inadvertently erred in our research process and failed to discover that a decision on rehearing had reversed the requirement of the transfer to the Marion Superior Court. *Temple v. State*, No. 33A01-1211-MI-533 (Ind. Ct. App. Sept. 20, 2013) ["*Temple II*"]. As a result, we grant the State's petition for rehearing and will now consider the merits of Temple's arguments.

[2]     Temple appeals from the denial of his petition for post-conviction relief.[1] He argues that the Parole Board erroneously revoked his parole. The underlying facts, as previously described by this Court, are as follows:

> In 2007, Temple was sentenced to ten years on a conviction of child molesting, as a Class C felony, and he was released on parole in January 2011. In October 2011, Temple was arrested and charged with failure to register as a sex offender. And in February 2012, Temple pleaded guilty to failure to register as a sex offender and was sentenced accordingly.
>
> Thereafter, on March 23, Temple verified that he had received a form entitled "Notification of Parole Violation Hearing," which notified him that he was accused of violating the following rule of his Parole Release Agreement: "# 7 Criminal Conduct." Appellant's App. at 1.

---

[1] Although Temple titled his motion "Petition for Writ of State Habeas Corpus Relief," this Court ordered that his petition be treated as a petition for post-conviction relief. Temple I, at *2.

Temple pleaded guilty at the hearing on March 29, and his parole was revoked.

On September 6, 2012, Temple, pro se, filed a "Petition for Writ of State Habeas Corpus Relief" against the Superintendent of the New Castle Correctional Facility wherein he sought "immediate discharge from arbitrary revocation of parole, and all other just and proper relief in the premises." Id. at 16. The Superintendent filed a motion to dismiss the petition, and Temple filed a motion for default judgment. On October 24, the trial court granted the motion to dismiss, and Temple filed a motion to correct error. The trial court denied Temple's motion to correct error.

[3] *Temple I*, at \*1. On remand, on November 19, 2013, the Superintendent of the New Castle Correctional Facility filed a motion for summary disposition. On July 21, 2014, the trial court granted the motion for summary disposition and denied Temple's petition for post-conviction relief. Temple now appeals.

[4] We apply a de novo standard of review to a trial court's order granting a motion for summary disposition in post-conviction proceedings. *Komyatti v. State*, 931 N.E.2d 411, 415 (Ind. Ct. App. 2010). Summary disposition should be granted only if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law, and we resolve all doubts in favor of the non-movant. *Id.* at 415-16; *see also* Ind. Post-Conviction Rule 1(4)(g).

[5] In this case, Temple's parole was revoked after he pleaded guilty to a new criminal offense. Temple argues, essentially, that the Parole Board did not follow proper procedures in the revocation process. First, he argues that he was denied due process because the parole officer did not file a parole violation

report with the Parole Board. The applicable statute, however, does not make such a report mandatory: "If an employee of the department assigned to supervise and assist parolees believes that a parolee has violated a condition to remaining on parole, he *may* submit a written report of the violation to the parole board." Ind. Code § 11-13-3-8(a) (emphasis added). Inasmuch as there is no requirement that the report be submitted, we find no error on this basis.

[6] Although it is not entirely clear, Temple also seems to argue that the Parole Board did not comply with the procedures outlined in Indiana Code sections 11-13-3-8 and -9. This argument is without merit. Temple seems to be arguing that he was denied due process because there was no preliminary hearing to determine probable cause before the revocation hearing took place. It is true that, under certain circumstances, a preliminary probable cause hearing may be required before the revocation hearing takes place. I.C. § 11-13-3-9. Here, however, Temple pleaded guilty to failure to register as a sex offender on February 7, 2012—a crime he committed while on parole. Indiana Code section 11-13-3-9(d) explicitly states that a preliminary hearing is not required "[i]f the alleged violation of parole is the parolee's conviction of a crime while on parole[.]" Consequently, the Parole Board did not err in failing to hold a preliminary hearing in this case.

[7] The Parole Board may issue an order for the parolee to appear for a revocation hearing upon a showing of probable cause that a violation occurred. I.C. § 11-13-3-8(b). Here, Temple admitted to committing a new crime while on parole. That certainly constitutes probable cause to hold a hearing.

[8] Temple received the required notice of parole violation hearing on March 23, 2012, and makes no argument that the notice itself was deficient. Six days later, a hearing was held, and Temple makes no argument that the process followed at that hearing was deficient. Furthermore, we note that at the parole violation hearing, Temple admitted to the violation.

[9] Once the statutory procedural requirements have been met, the Parole Board "has almost absolute discretion in making its decision" to revoke parole. *Komyatti*, 931 N.E.2d at 419. We see no evidence in this case that the Parole Board abused that discretion, nor do we see evidence that the statutory procedures were not followed. Inasmuch as there are no genuine issues of material fact and New Castle Correctional Facility is entitled to judgment as a matter of law, we find that the trial court properly granted the motion for summary disposition and denied Temple's petition for post-conviction relief.

[10] The judgment of the trial court is affirmed.

Vaidik, C.J., and Riley, J., concur.